# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-558-BMJ |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark D. Wright, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. The Commissioner has answered and filed the administrative record (AR), and both parties have briefed their respective positions. For the reasons stated below, the Commissioner's decision is affirmed.

## I.  Procedural Background

Plaintiff protectively filed his application for DIB on July 3, 2008. AR 149. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 174-82. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated April 16, 2010. AR 154-160. The Appeals Council then remanded the case for further administrative proceedings. AR 166-69. On remand, the ALJ conducted a hearing and thereafter issued an unfavorable decision dated August 27, 2013. AR 25-35. The Appeals Council then denied Plaintiff's request for review. AR 1-3. Thus, the August 27, 2013 decision

of the ALJ became the final decision of the Commissioner. It is this decision which is the subject of judicial review.

**II.      The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, December 1, 2009. AR 27. The ALJ further determined that Plaintiff was insured through December 31, 2009. *Id*. Accordingly, Plaintiff must establish disability during this limited one-month window. *See, e.g., Vititoe v. Colvin*, 549 F. App'x 723, 728 (10th Cir. 2013) (addressing requirement that a claimant establish disability on or before his date last insured) (*citing* 20 C.F.R. 404.131(b)).

At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, morbid obesity, hypertension, status post right carpal tunnel release surgery, status post right shoulder surgeries, status post right knee surgeries, depressive disorder, and generalized anxiety disorder. AR 27. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 27-28.

The ALJ next determined Plaintiff's residual functional capacity (RFC). As pertinent to the claims raised, the ALJ found Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for about six hours during an eight-hour workday and stand and walk for about six hours during an eight-hour workday. AR 29. The ALJ further found Plaintiff can

occasionally climb ramps/stairs, balance, stoop, kneel and crouch, but cannot climb ladders, ropes or scaffolds. *Id.*[1]

At step four, the ALJ found that Plaintiff could not perform his past relevant work as an automobile assembly worker, inventory clerk, and nurse's assistant, work identified as unskilled to skilled and performed at the light to medium exertional levels. AR 33.

Relying on the testimony of a vocational expert, at step five the ALJ concluded Plaintiff could perform other work including officer helper, housekeeper and production assembler and that these jobs exist in significant numbers in the regional and national economies. AR 34. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. *Id.*

### III. Plaintiff's Claims

Plaintiff brings two claims of error. First, Plaintiff contends that the ALJ failed to discuss significant probative evidence in the record regarding Plaintiff's chronic back pain. Second, Plaintiff claims the ALJ's RFC for light work is not supported by substantial evidence.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)

---

[1] Plaintiff focuses his claims of error on evidence related to his chronic back pain. *See, e.g.*, Pl.'s Opening Br. at Electronic Case Filing (ECF) pp. 20-21 (stating that Plaintiff's "acute shoulder injury, and the subsequent surgery, is not [Plaintiff's] disabling impairment" but that his "back is the biggest problem related to his disability claim"). The Court, therefore, addresses the portion of the RFC pertinent to that severe impairment.

3

(quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. <u>Analysis</u>

### A. The ALJ's Weighing of the Medical Evidence

Plaintiff seeks reversal of the Commissioner's decision alleging that "the ALJ paid very little attention to any of the records related to [Plaintiff's] chronic back pain." *See* Pl.'s Opening Br. at p. 21.[2] Plaintiff acknowledges that the ALJ did not ignore the evidence of his back pain, but contends the ALJ discussed that evidence in too conclusory a fashion.

In support of this claim, Plaintiff specifically relies upon the following evidence regarding his back pain:

- An October 2006 physical therapy evaluation addressing Plaintiff's "ten-year history of low back pain" exacerbated by a recent event, and the conclusion that Plaintiff had limited trunk range of motion. (AR 776);

---

[2] Citations to the parties' submissions reference the Court's ECF pagination.

- An October 2007 opinion of Dr. Randel D. Estep noting that Plaintiff is "tender to palpation in the lumbar area with nearly full range of motion," "pain in the back with right straight leg raise," and "decreased sensation in the right foot." (AR 780);[3] and

- March 2008 chiropractic notes finding "moderate fixation of the spinal joints." (AR 858).[4]

Plaintiff faults the ALJ for failing to consider this "specific evidence which indicated the severity of [his] very significant pain throughout multiple areas of his spine." Pl.'s Opening Br. at p. 22. Plaintiff contends that "[t]here is really nothing specific in the ALJ's decision to show that he even considered that evidence, other than boilerplate language to suggest he considered everything." *Id*. at pp. 22-23.[5]

Contrary to Plaintiff's contention, the ALJ did not use boilerplate language in reaching his decision, but adequately discussed the medical evidence, including specific reference to much of the evidence cited by Plaintiff. *See, e.g*., AR 31. Plaintiff is correct that an ALJ may not

---

[3] Dr. Estep references in his opinion "a recent functional capacity evaluation with Dr. Lowe," *see* AR 780, but that evaluation is not included in the record.

[4] Plaintiff also references the opening statement made by his attorney at the hearing before the ALJ where his attorney cited Exhibits 10F, 11F, 12F and 18F as containing evidence of Plaintiff's degenerative disc disease, decreased range of motion, positive straight leg raising, muscle weakness, tenderness, decreased sensation and claimant's report to a doctor that he needed to constantly change positions. *See* AR 48-49. Exhibit 10F is the physical therapy evaluation referenced above. *See* AR 776. Exhibit 11F is the opinion of Dr. Estep referenced above. *See* AR 778-780. Exhibit 12F is a January 2009 assessment by Dr. Estep primarily regarding Plaintiff's right shoulder pain but including a reference to Plaintiff's "continued back pain" and "[d]egenerative disc disease of the lumbar spine." *See* AR 781-82. Finally, Exhibit 18F is a consultative examination by Dr. King in October 2008, which included an assessment of "chronic low back pain" but normal range of motion in the lumbosacral and cervical spine. *See* AR 908-913.

[5] In the "factual background" section of his brief, Plaintiff includes a summary of other evidence but does not address that evidence when raising his claims of error. The Court has considered that evidence, nonetheless, and finds none of the evidence cited requires a different result, underscored by the limited period under review in this action – December 1, 2009 through December 31, 2009.

5

"pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). But a review of the ALJ's decision demonstrates that did not happen here. The ALJ discussed Plaintiff's physical therapy, chiropractic treatment and physical examinations of treating and evaluating physicians. AR 30-33.

Moreover, the ALJ included as severe impairments at step two Plaintiff's degenerative disc disease. AR 27. That severe impairment accounts for the medical evidence cited by Plaintiff. *See Fulton v. Colvin*, 631 F. App'x 498, 506 (10th Cir. 2015) (rejecting claimant's contention that ALJ erred in failing to address treatment records regarding low back pain where the ALJ found at step two that the claimant had severe spinal disorders); *Duncan v. Colvin*, 608 F. App'x 566, 574 (10th Cir. 2015) (rejecting claim that ALJ failed to properly evaluate medical opinions where the ALJ found severe impairments at step two based upon the doctor's diagnoses).

Additionally, in the context of making a credibility determination, the ALJ found that "[w]ith the exception of the limited period from January 2008 through March 2008 when the claimant was recovering from January 2008 right shoulder surgery, no treating or evaluating physicians assessed the claimant as suffering totally disabling health impairments or prescribed restrictions and limitations consistent with totally disabling health impairments." AR 32. The ALJ further found: that "the claimant did not experience frequent or prolonged episodes of chronic pain or other musculoskeletal/spinal symptoms requiring hospital admissions, emergency room treatments, or other crisis treatments." AR 31. Plaintiff does not challenge the ALJ's credibility determination in this action. *See* Pl.'s Reply Br. [Doc. No. 28] at p. 5 ("[T]his case is not about credibility.").

Finally, the ALJ gave "considerable weight to the findings and assessments of the State agency examiners." AR 33. Those findings conclude that Plaintiff can perform a full range of light work with no postural or other limitations. *See* AR 937-945 (Physical Residual Functional Capacity Assessment dated Nov. 28, 2008); *see also* AR 945, 946 (affirming findings). And the ALJ included additional postural and other limitations when making the RFC determination, necessarily accounting for Plaintiff's chronic back pain. AR 29. Plaintiff fails to address these findings as to Plaintiff's functional limitations. Nor does Plaintiff "say what else [his chronic back pain] would have prevented him from doing" and, therefore, this court "has no reason to disturb the [ALJ's] assessment of residual functional capacity based on a failure to incorporate limitations from [his chronic back pain]." *Smith v. Colvin*, 821 F.3d 1264, 1267 (10th Cir. 2016).

Plaintiff's claim of error fails because he "does not point to medical opinions . . . regarding work-related limitations attributed to [Plaintiff's] impairments . . . or the placement of any significant exertional restrictions." *Duncan*, 608 F. App'x at 574. "Given that . . . there were no medical opinions regarding [Plaintiff's] work-related functional limitations, there was no opinion on such matters . . . for the ALJ to weigh." *Id.*; s*ee also Wyatt v. Barnhart*, 190 F. App'x 730, 734 (10th Cir. 2006) (rejecting claimant's contention that "the medical records from her treating physician . . . corroborate her testimony of disabling pain and reveal greater limitations than those reflected in the RFC" where the claimant "concede[d] . . . that none of the treatment records express an opinion regarding her physical limitations"); *Qantu v. Barnhart*, 72 F. App'x 807, 811 (10th Cir. 2003) (ALJ is not required to discuss "every piece of evidence" and ALJ did not err by failing to specifically discuss the claimant's ankle neuropathy where "there [was] no evidence that this condition limited claimant's abilities").

Moreover, without demonstrating how the evidence Plaintiff relies on limits his functional abilities, the evidence lacks significantly probative value. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (requiring ALJ to discuss reasons for rejecting evidence provided such evidence is "significantly probative"); *see also Shiplett v. Astrue*, 456 F. App'x 730, 734 (10th Cir. 2012) (medical records showing the claimant continued to experience pain from her "failed back syndrome" did not "contradict the ALJ's RFC assessment" and therefore did not constitute significantly probative evidence the ALJ was required to discuss); *Korum v. Astrue*, 352 F. App'x 250, 254 (10th Cir. 2009) (rejecting plaintiff's claim that the ALJ impermissibly picked and chose those portions of the medical record favoring a finding of disability; "[t]he evidence that the ALJ did not mention was not of such quality as to require discussion under *Clifton*").

Indeed, in seeking reversal, Plaintiff fails to demonstrate that the record contains medical evidence of functional limitations which conflicts with the ALJ's RFC determination. *Compare Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (finding reversible error when the ALJ failed to properly assess weight given to treating physician opinion that due to the claimant's chronic back pain and other impairments, the claimant was "*unable to work an eight-hour day doing anything, sitting or standing*") (emphasis added). To the extent Plaintiff merely disputes the ALJ's view of the evidence, it is impermissible for this Court to reweigh the evidence or substitute its judgment for that of the ALJ. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). For all these reasons, Plaintiff's first claim of error lacks merit and is denied.

## B. The ALJ's RFC Determination

Plaintiff also challenges the ALJ's RFC finding. Plaintiff contends:

> In order to receive disability benefits, Wright must be found to be disabled prior to the [date last insured] DLI. Wright was a little more than one month from his 50th birthday at that time. *If the ALJ had found that he was limited to sedentary work, a finding of disability would have been required if the ALJ had applied the grid rules for a person 50 years of age. . . .* Therefore, the ultimate determination of disability in this case turns on whether Wright was limited to light or sedentary work.

Pl.'s Br. at p. 24 (citation omitted, emphasis added).[6] The ALJ did not, however, find Plaintiff was limited to sedentary work. Instead, the ALJ found Plaintiff could perform less than a full range of light work, making application of the grid rules appropriate only as a "framework" and requiring the testimony of a vocational expert. AR 33-34.

Plaintiff claims that "the evidence in this case simply does not support the ALJ's finding that [he] could perform the standing requirements of light work." *See* Pl.'s B. at p. 25. But as discussed above, none of the medical evidence Plaintiff relies upon demonstrates specific functional limitations as to standing, nor does any medical opinion contain functional limitations to support Plaintiff's claim. Thus, Plaintiff has failed to demonstrate that the ALJ's RFC determination is at odds with the record evidence. Although Plaintiff clearly has pain and other symptoms resulting from his degenerative disc disease, the existence of these symptoms does not establish disability. *See, e.g., Qantu*, 72 F. App'x at 811 ("We emphasize that a claimant's inability to work pain-free, standing alone, is not a sufficient reason to find her disabled.").

---

[6] The "grids" as referenced by Plaintiff "are matrices of the four factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (citation omitted). The grids "may provide a shortcut in certain circumstances to determining whether a claimant can perform other work by obviating the need for a vocational expert's testimony." *Id.*

Having reviewed the record and the parties' submissions, the Court concludes Plaintiff has not shown that the ALJ failed to properly discuss the evidence of record or erred in making the RFC determination.

The decision of the Commissioner is AFFIRMED.

ENTERED this 29th day of July, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE